UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

       Plaintiff,

v.                                                          Case No. 19-cr-20168
                                                        District Judge Paul D. Borman

CONSTANTINE XETHALIS,

       Defendant.
_____/

**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i), IMPOSING SUPERVISED RELEASE FOR FIVE YEARS**

Defendant's counsel filed a Motion for Compassionate Release on November 25, 2020. (ECF No. 31.) On December 9, 2020, the Government filed a Response in Opposition. (ECF No. 32.)

Defendant is serving a 40-month sentence for transporting 10 pounds of methamphetamine into the United States (Eastern District of Michigan). At sentencing, the Court varied downward from his Advisory Guideline range of 70-80 months. He was also in possession of one ecstasy pill and 2.7 grams of cocaine for personal use. (Government Response, ECF No. 32, PageID 287, 289.)

Defendant was sentenced on October 21, 2019 and has been incarcerated over 50 percent of his sentence. He is presently incarcerated at Federal Medical Center, Devens because he suffers from Type I diabetes and hypertension. He has been in custody since his arrest in Port Huron, MI on March 14, 2019.

1

Defendant contends that because of his pre-existing medical conditions of Type I diabetes, and hypertension, he is prone to contracting COVID-19 in a prison setting, and that if he were to contract COVID-19, he would be likely to have very serious complications. Defendant contends that on multiple occasions during this calendar year, he tested at 9.5 scoring of hemoglobin, indicating an increased risk of diabetes complications and, therefore, a compelling reason for release. (Defendant's Motion, ECF No. 31, PageID 194.)

Defendant's release plan is to return to Montreal, Quebec, Canada, live with his mother, Collette Ranger, and be treated by his primary care physician, Dr. Matthew Deffrain. (ECF No. 31, PageID 200.) Defendant has not received any disciplinary citations during his period of incarceration.

The parties agree that Defendant has exhausted his administrative remedies and is properly before this Court for his Motion for Compassionate Relief.

Defendant contends that his crime, although serious, was not a crime of violence, and claims that it occurred because he was forced by mobsters, to whom he owed a gambling debt, to transport the methamphetamine. The Court finds that this claims strains credulity given Defendant's long history of criminal activity in Canada.

Defendant notes that he has now served more than 50 percent of his prison time, without factoring in good-time credits, and that the Sixth Circuit decision in

*United States v. Kinkaid*, 805 F. App'x 394, 395-96 (6th Cir. 2020) recognizes that a district court should factor in whether the amount of incarceration served is sufficient to satisfy the sentencing factors set forth in 18 U.S.C. § 3553(a); to reflect the seriousness of the offense, promote respect for the law, deter similar criminal conduct, and to protect the public from further crimes of Defendant.

The Government Response in Opposition notes that Defendant is housed at a Federal Medical Center where medical care is constantly available, and that his medical situation does not provide an extraordinary and compelling reason for his immediate release. (ECF No. 32, PageID 270.)

As of December 14, 2020, there are zero COVID positive cases among inmates at Devens, and three staff positives. (Joseph McGuire, BOP Senior Attorney Advisor, St. Louis, MO.)

The Government acknowledges that Defendant suffered a hypoglycemic event in mid-November 2020 that required an emergency response when he was found unconscious on the floor of his cell. While Defendant was attended to within five minutes and administered a glucose tablet, this was a serious medical incident. Thereafter, he was removed from his 12-hour every other day food service shift. (*Id*. at PageID 278-279.) Defendant also experienced a similar hypoglycemic emergency event on December 7, 2020.

The Government Response in Opposition notes his multiple Canadian convictions:  robbery and use of a firearm in 1991; drug trafficking in 1995 and 1999, and drug possession in 2002. (ECF No. 32, PageID 287-290.)

## DISCUSSION

The Court finds that Defendant's serious medical condition evidenced by his recent hypoglycemic events at FMC Devens, provides an extraordinary and compelling reason for his compassionate release. The Court also finds significant that Defendant has served over 50 percent of his sentence, therefore release does not significantly minimize his criminality, and its deterrent effect on others contemplating similar criminal conduct.

The Court recognizes that Defendant has a significant criminal history, primarily in the 1990's, but that the instant offense, while serious--methamphetamine is a dangerous drug--did not involve violence or possession of a firearm. In essence Defendant was a mule carrying out a delivery of a large quantity of methamphetamine.

The Court's grant of compassionate release to home confinement includes a long period of supervised release--five years, The Court well recognizes that Defendant will be released to Canada and, thus, not subject to U.S. Probation supervision. However, should Defendant violate supervised released by returning to the United States, he would face a significant jail sentence.

## CONCLUSION

Accordingly, given Defendant's serious medical situation--Type I diabetes--and his conviction of a non-violent offense for which he has served over 50 percent of his sentence, the Court GRANTS Defendant's Motion for Compassionate Release and home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A), reducing his sentence to time served, with the special condition of home confinement for the remainder of his sentence and, thereafter, re-imposing his five-year period of supervised release.

    SO ORDERED.

DATED:  December 15, 2020        s/Paul D. Borman  
                                          PAUL D. BORMAN  
                                          UNITED STATES DISTRICT JUDGE